[No. A045097. First Dist., Div. Five. Feb. 16, 1990.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE RUDY KIRK, Defendant and Appellant.

## COUNSEL

Robert H. Flannery, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Martin S. Kaye and Aileen Bunney, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

LOW, P. J.—Defendant Lawrence Rudy Kirk was convicted of multiple counts of sexual offenses involving a child under the age of 14, and was sentenced to 29 years in prison. We conclude Penal Code section 654[1] bars multiple punishment for four counts of lewd acts upon a child (Pen. Code, § 288, subd. (a)). We also conclude that the trial court erred in utilizing section 667.6, subdivision (c) to impose a full consecutive term of eight years on defendant's conviction of violating section 289, subdivision (j). We remand the cause for resentencing.

FACTS

*Incident on October 19, 1987*

Ms. C. and defendant were social friends. While Ms. C. was at work, defendant arrived between 1 and 1:30 p.m, and Melissa, Ms. C.'s 13-year-old daughter, let him in after he identified himself. Defendant prepared hot tea for Melissa. He asked her for a back rub and Melissa complied. Defendant then asked for a hug, but as Melissa gave defendant a hug he touched her breasts through her clothing and gave her a "french kiss." Defendant pushed her down on the couch and held both of her hands at the wrist. He was able to remove her shirt, bra, pants and underwear. Defendant removed his own clothing. Melissa testified that during this incident defendant placed his mouth on her breasts, he placed his finger in her vagina, he had sexual intercourse with her, and he orally copulated her. As soon as she could get away from defendant, Melissa got up and got dressed. Defendant remained in the house until Melissa's mother arrived home at about 4:15.

The events of October 19, 1987, formed the basis for eight separate charges against defendant. The jury returned the following verdicts:

| COUNT | OFFENSE | | VERDICT |
|---|---|---|---|
| 1 | 288(a), | touching of breasts | Guilty |
| 2 | 288(a), | french kissing | Guilty |
| 3 | 288(a), | mouth on breasts | Guilty |
| 4 | 288(a), | intercourse | Guilty |
| 5 | 288(b), | forcible intercourse | Not Guilty |
| 6 | 288a(c), | oral copulation | Guilty |
| 7 | 289(j), | digital penetration of vagina | Guilty |
| 8 | 261.5, | intercourse | Guilty |

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

*Incident During November 1987*

Defendant arrived during the day when no one except Melissa was home. Once inside, defendant began touching Melissa's breasts and removing her clothing. Melissa testified that during this incident defendant placed his fingers in her vagina, orally copulated her, and had sexual intercourse with her. Melissa asked defendant to stop, but he ignored her. Melissa and defendant got dressed. About 10 minutes later, Melissa's mother came home from the store.

The above-described events served as the basis of counts 9 through 13. Defendant was found not guilty on each of these counts:

| COUNT | OFFENSE | | VERDICT |
|---|---|---|---|
| 9 | 288(a), | touching breasts | Not Guilty |
| 10 | 288(a), | intercourse | Not Guilty |
| 11 | 288a(c), | oral copulation | Not Guilty |
| 12 | 289(j), | digital penetration of vagina | Not Guilty |
| 13 | 261.5, | intercourse | Not Guilty |

*Incident on March 10, 1988*

Early in the morning Melissa's brother let defendant in as he was leaving for school. Defendant sat on the couch and asked for a hug, and Melissa complied. Defendant pushed her down on the couch. Melissa testified that during this incident defendant placed his finger inside her vagina, he touched her breasts, and he had sexual intercourse with her. Defendant held her wrists, and she was unable to get away from him. The events of March 10 provided the factual basis for the following counts:

| COUNT | OFFENSE | | VERDICT |
|---|---|---|---|
| 14 | 288(a), | touching breasts | Guilty |
| 15 | 288(b), | forcible intercourse | Not Guilty |
| 15 | 288(a), | intercourse | Guilty |
| 16 | 261.5, | intercourse | Guilty |

On January 26, 1989, defendant was sentenced to 29 years in state prison, as follows:

| COUNT | OFFENSE | VERDICT |
|-------|---------|---------|
| 1 | 288(a) | Base term, 8 years |
| 2 | 288(a) | Consecutive term, 2 years |
| 3 | 288(a) | Consecutive term, 2 years |
| 4 | 288(a) | Consecutive term, 2 years |
| 6 | 288a(c) | Consecutive term, 2 years |
| 7 | 289(j) | Upper term, fully consecutive (§ 667.6(c)), 8 years |
| 8 | 261.5 | Upper term, stayed (§ 654— same act as count 4) |
| 14 | 288(a) | Consecutive term, 2 years |
| 15 | 288(a) | Consecutive term, 2 years |
| 16 | 261.5 | Upper term, stayed (§ 654— same act as count 15) |

Defendant also received a one-year consecutive term because he had previously been convicted of a felony (annoying/molesting children in violation of former section 647a), and he had not remained free of custody for a period of five years, which brought him within the language of section 667.5, subdivision (b).

I

*Multiple Punishment*

 Defendant argues section 654[2] precludes separate punishment for the conduct described in counts 1 through 4. Similarly, defendant challenges the separate punishment received for counts 14 and 15. Defendant was convicted of four counts of lewd conduct with a child under the age of 14 (§ 288, subd. (a)) for the events of October 19, 1987, by touching Melissa's breasts (count 1), giving her a French kiss (count 2), touching her breasts with his mouth (count 3), and engaging in unlawful sexual intercourse (count 4). The jury also found defendant had engaged in two counts of lewd conduct with Melissa (§ 288, subd. (a)) on March 10,

---

[2] Section 654 provides, in relevant part: "An act or omission which is made punishable in different ways by different provisions of this code may be punished under either of such provisions, but in no case can it be punished under more than one . . . ." "[I]t is well settled that section 654 applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction." (*People v. Perez* (1979) 23 Cal.3d 545, 551 [153 Cal.Rptr. 40, 591 P.2d 63].)

1988, by touching her breasts (count 14) and by engaging in unlawful sexual intercourse (count 15).

Defendant first argues that the acts underlying counts 1 through 3 and 14 were "part and parcel" of the acts of intercourse charged in counts 4 and 15, and, therefore, could not be separately punished. Defendant asserts that consistent with the principles in section 654 he could only be punished for two separate acts of unlawful sexual intercourse with a minor because all of the other lewd acts charged under section 288 were merely incidental to the act of intercourse.

Punishing a defendant who commits a series of acts charged as multiple counts of lewd conduct was considered in *People v. Bothuel* (1988) 205 Cal.App.3d 581 [252 Cal.Rptr. 596]. The court articulated a helpful distinction when analyzing such cases: "[A]cts of unlawful sexual intercourse [§ 261.51], sodomy [§ 286], oral copulation [§ 288a] and penetration by object [§ 289] accomplished with a minor under the age of 14 will support a conviction under section 288. In addition, various other forms of touching and fondling are also actionable under section 288."[3] (*Id.*, at p. 590.) For ease of reference, we will refer to the former category of section 288 offenses as "defined sexual crimes" and the latter category of section 288 offenses as "undefined lewd acts."

Section 654 does *not* preclude separate punishment for convictions which are charged under section 288 but are based on defined sex crimes even when the acts take place over a short period of time. For example, in *People v. Slobodion* (1948) 31 Cal.2d 555 [191 P.2d 1], the Supreme Court examined a case in which the rape of a minor supported a conviction for violating section 288 apart from a separate conviction for oral copulation based on section 288a. In explaining its conclusion that these two convictions could be separately punished, the court noted that "[t]he acts forming the basis for the charge under section 288 were not mere fondling and touching preparatory to the commission of the [defined sexual crime]." (*Id.*, at p. 563.) The court emphasized that the "defendant committed acts separately denounced in two code sections, *independent of section 288,* and these offenses are not necessarily or even normally associated with each other." (*Ibid.*, italics added.) *Slobodion* holds that where defined sexual crimes (such as unlawful sexual intercourse, oral copulation, digital penetration or

---

[3] Section 288 provides that "[a]ny person who shall willfully and lewdly commit any lewd or lascivious act including any of the acts constituting other crimes provided for in Part 1 of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years."

sodomy) are committed against a minor, a defendant may receive separate punishment for each act whether the defendant is charged with multiple counts of violating section 288 or the defendant is charged under the more specific penal statutes making such conduct unlawful.

■ Consistent with this reasoning, we reject defendant's contention that he could not be punished separately for the defined sexual crimes of oral copulation as alleged in count 6 (§ 288a, subd. (c)) and unlawful penetration as alleged in count 7 (§ 289, subd. (j)), even though those acts occurred in conjunction with an act of unlawful sexual intercourse charged under section 288 in count 4. Defendant argues for a more lenient application of section 654 because the jury, by its verdict, found none of the offenses were committed through defendant's use of force or fear. Contrary to defendant's position, section 654 does not preclude punishment for a course of conduct with a 13-year-old victim during which defendant engages the victim in three separate acts that are separately defined and punished by the Penal Code, even though defendant could be lawfully convicted of each of these offenses without a showing of force.

*People* v. *Bevan* (1989) 208 Cal.App.3d 393 [256 Cal.Rptr. 233], provides guidance in analyzing cases that are the reverse of *Slobodion*—where all of the section 288 charges against a defendant are based on undefined lewd acts. There, defendant was convicted of three counts of lewd conduct with a child, in violation of section 288, subdivision (a), based on touching the minor's breasts (count 1), kissing her on the lips (count 2), and placing her hand on his penis (count 3). The court concluded that defendant's behavior could not support three different charges because "fragmenting a single, brief course of lewd and lascivious conduct into separate offenses could lead to absurd results. As the offender moved his hands over various parts of the child's body, such as the neck, breasts, ears, lips, toes, thighs, etc., theoretically each touch could result in a separate charge, resulting in dozens of charges from a momentary single contact with the minor." (*Id.*, at p. 403.) *Bevan* holds that fragmenting the undefined lewd acts into separate offenses for each unlawful touch constitutes multiple punishment for a single course of conduct. The People concede that in the case before us defendant cannot be separately punished for the undefined lewd acts described in count I (touching breasts) and count 2 (French kissing).

■ The more difficult issues are presented by cases, such as the one before us, where a defendant has engaged in a single course of conduct which supports convictions for undefined lewd acts, such as "touching breasts" and "french kissing," as well as convictions based on defined sexual crimes, such as "oral copulation," "unlawful penetration" and "unlawful sexual intercourse." (Compare, e.g., *People* v. *Blevins* (1984) 158

Cal.App.3d 64, 71-72 [204 Cal.Rptr. 124], and cases cited therein [allowing separate punishment for lewd conduct consisting of kissing the minor victim on face and breasts in addition to punishment for oral copulation and rape]; with *People* v. *Bothuel, supra,* 205 Cal.App.3d at pp. 589-592, and cases cited therein [prohibiting separate punishment for acts of kissing and touching the minor victim because the offense was incidental to commission of oral copulation].)

We believe the analysis stated in *Bothuel* provides the proper application of section 654 in the context of this case and is consistent with the Supreme Court's analysis in *People* v. *Slobodion, supra,* 31 Cal.2d at page 563. It is too likely that the undefined lewd acts will regularly occur when consensual sexual intercourse takes place. Punishment of each of such acts which are incidental to consensual sexual intercourse would lead to the absurd results discussed in *Bevan*.

In summary, with respect to the convictions based on the events of October 19, 1987, there was no error for punishing defendant for the unlawful sexual intercourse charged in count 4, the oral copulation charged in count 6, and the unlawful digital penetration charged in count 7. However, defendant may not be separately punished for the undefined lewd acts charged in counts 1 through 3 (touching breasts, french kissing, mouth on breasts). With respect to the charges stemming from the events of March 10, 1988, there was no error for punishing defendant for the unlawful sexual intercourse charged in count 15, but he may not be separately punished for the undefined lewd act set out in count 14 (touching breasts).

II

*Consecutive Sentencing Under Section 667.6, Subdivision (c)*

■ Defendant argues that the full, separate, and consecutive eight-year term he received, under section 667.6, subdivision (c), for count 7 (unlawful digital penetration of a minor) was unlawfully imposed. He reasons that in enacting section 667.6, subdivision (c) (hereafter subdivision (c)), the Legislature intended to penalize sexual acts accomplished against the victim's will by force; and the crime of which he stands convicted (§ 289, subd. (j)) is based solely on the age differential between participants and can be accomplished without any coercive conduct. The People argue that the statutory language of subdivision (c) is precise and clear and permits the court to impose full, consecutive prison terms for convictions of any of the acts prohibited by section 289.

Subdivision (c) provides, in pertinent part: "In lieu of the term provided in Section 1170.1, a full, separate, and consecutive term may be imposed for each violation of Section 220, . . . subdivision (2) or (3) of Section 261, Section 264.1, subdivision (b) of Section 288, . . . *Section 289,* or of committing sodomy or oral copulation in violation of Section 286 or 288a by force, violence, duress, menace, or fear of immediate and unlawful bodily injury . . . ." (Italics added.) The People contend that the Legislature's unqualified reference to section 289, without requiring any special finding that the offense be accomplished by "force, violence, duress, menace, or fear," demonstrates that the Legislature intended to severely punish *all* of the acts defined in the numerous subdivisions of section 289, even though many of these acts do not require coercion.[4] In response, the defendant argues that the legislative and judicial history of subdivision (c) demonstrates that this statute is not so sweeping and indiscriminate as to encompass all of the acts prohibited under section 289, and that the People's construction of subdivision (c) as applying to all of the crimes delineated in section 289 is inconsistent with the evil sought to be suppressed by the Legislature.

The unmistakable legislative purpose in enacting subdivision (c) was to penalize more severely sexual acts accomplished against the victim's will, usually by force. (See *People* v. *Foley* (1985) 170 Cal.App.3d 1039, 1051 [216 Cal.Rptr. 865].) When we review subdivision (c) to see which crimes are singled out for its harsher sentencing, it is obvious each of the enumerated sex offenses, with one exception, shares the common "use of force or fear to accomplish the most personal invasion of another person's self possible." (*People* v. *Karsai* (1982) 131 Cal.App.3d 224, 241 [182 Cal.Rptr. 406]; see also *People* v. *Belmontes* (1983) 34 Cal.3d 335, 348 [193 Cal.Rptr. 882, 667 P.2d 686].)[5] The one exception to this harmonious sentencing scheme is

---

[4]Section 289 and its numerous subdivisions make it unlawful to commit sexual penetrations by object in a great number of circumstances. Briefly summarized they involve: (a) use of force, fear, or threat of future retaliation; (b) inability to consent due to mental disorder or developmental or physical disability; (c) inability to consent due to mental disorder or developmental or physical disability, and both the victim and defendant are confined to a specified facility for the care of such persons; (d) unconscious victim; (e) inability to resist due to administration of intoxicating or other controlled substance; (f) submission induced by false belief that perpetrator is victim's spouse; or (g) threatening to use the authority of a public official to incarcerate, arrest, or deport. In addition, participation in the act is proscribed (h) with a person under 18; (i) with a person under 16 if the perpetrator is over 21; or (j) with a person under 14 when the perpetrator is at least 10 years older.

[5]The Pacific Law Journal, in its *Review of Selected 1979 California Legislation* (1979) 11 Pacific L.J. 259, set out the offenses to which subdivision (c) applies: "The offenses involved are: (1) rape by force or violence, by threat of great bodily harm, or by the use of narcotics or anesthetics; (2) rape by force or violence while acting in concert with another; (3) lewd and lascivious acts with a child under 14 by means of force, threat, violence, duress, menace, or threat of great bodily harm; (4) sexual assault with a foreign object; or (5) sodomy or oral

subdivision (c)'s unqualified reference to section 289, which if taken literally, would trigger the potential for full-term, consecutive sentences for a number of offenses devoid of coercive conduct. An example is the offense of which defendant stands convicted, section 289, subdivision (j). This section makes it a crime to participate in an act of foreign object penetration of the vaginal or anal opening of a person under 14 years of age when the perpetrator is at least 10 years older than the minor. However, "[t]he fact that sexual acts are undertaken with a minor under age 14 does not necessarily imply the acts have been coerced." (*People* v. *Riddle* (1987) 189 Cal.App.3d 222, 232 [234 Cal.Rptr. 369].) Accordingly, we are called upon to resolve a discrepancy between the language of the statute and the intent manifested by its legislative history. An examination of the historical circumstances surrounding the enactment of subdivision (c) helps to explain this anomaly.

The offense described by section 289 as of January 1, 1980, when subdivision (c) became effective, provided in part: "Every person who causes the penetration, however slight, of the genital or anal openings of another person, by any foreign object, substance, instrument, or device, *by use of force, violence, duress, menace, or threat of great bodily harm, and against the will of the victim,* for the purpose of sexual arousal, gratification, or abuse, shall be punished by imprisonment in the state prison . . . ." (Stats. 1978, ch. 1313, § 1, p. 4300.) Therefore, the Legislature's simple reference to "section 289" pointed to a crime that, by its definition, was accomplished by coercion and against the victim's will.

Since 1980, the Legislature has amended section 289 to strengthen the penalties for foreign object penetration and to extend perpetrator liability if the victim is a minor. (See *People* v. *Harrison* (1989) 48 Cal.3d 321, 327-328 [256 Cal.Rptr. 401, 768 P.2d 1078].) Because of the revision of the statute, subdivision (c)'s simple reference to section 289 no longer necessarily refers to a crime that, *by its definition,* has to be accomplished by coercion and against the victim's will. Section 289, with its numerous subdivisions, now predicates criminal liability on many different types of "penetrations" and not exclusively on "penetrations" involving coercive conduct.

While section 289 has undergone many changes, subdivision (c) has not undergone a corresponding revision that would make clear the Legislature's intention that only violations of section 289 accomplished by coercion would be subject to the provisions of subdivision (c). The People in effect argue that the Legislature, by its inaction, has signalled its intention to subject *all* the acts defined in amended section 289 to the significantly

---

copulation by force, violence, duress, menace, or threat of great bodily harm." (*Op. cit. supra,* at p. 431, fn. omitted.)

harsher sentencing scheme of subdivision (c), without regard to whether these acts are accomplished by coercion. Our function is to follow the plain language of the statute, unless following the plain meaning would frustrate the manifest purposes of the legislation as a whole or lead to absurd results. (See *People* v. *Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].) We conclude the People's interpretation is unreasonable, and it is much more likely the Legislature's failure to amend subdivision (c) to reflect the substantial legislative overhaul of section 289 is simply a legislative oversight.[6]

■ " ' "Where a statute adopts by *specific reference* the provisions of another statute, regulation, or ordinance, *such provisions are incorporated in the form in which they exist at the time of the reference and not as subsequently modified . . . .*" ' " (*In re Oluwa* (1989) 207 Cal.App.3d 439, 445 [255 Cal.Rptr. 35], quoting *Palermo* v. *Stockton Theatres, Inc.* (1948) 32 Cal.2d 53, 58-59 [195 P.2d 1], italics in original.) ■ Application of this rule of statutory construction to the instant case allows us to give subdivision (c) a "reasonable and common sense construction in accordance with its apparent purpose and the intent of the Legislature." (*People* v. *Fields* (1980) 105 Cal.App.3d 341, 343-344 [164 Cal.Rptr. 336].) Therefore, we conclude the harsher sentencing provisions of subdivision (c) can only be applied to a conviction charged under section 289 when the fact finder determines the penetration of the genital or anal opening was accomplished against the victim's will by coercive means. (§ 289, subd. (a).)

Our analysis finds further support when we consider the overall scheme adopted by the Legislature to impose penalties for sexual conduct involving minors. Were we to accept the People's construction of subdivision (c), a person, such as defendant, convicted of digitally penetrating a minor under age 14 (§ 289, subd. (j)) would be subject to the distinctly harsh sentencing scheme of subdivision (c) without any finding that the act was coerced. Yet, such a long term could not be imposed under identical circumstances for sodomizing (§ 286, subd. (c)), orally copulating (§ 288a, subd. (c)), or engaging in sexual intercourse with the minor (§ 261.5) unless it was shown the minor's participation in the act was compelled by force. (See *People* v. *Foley, supra*, 170 Cal.App.3d at pp. 1051-1052.) In comparing these related provisions, we must adopt a construction that promotes harmony among

---

[6]This oversight is comparable to the Legislature's failure to amend subdivision (c) to conform to the amended definitions of forcible sodomy and forcible oral copulation. (See *People* v. *Foley, supra*, 170 Cal.App.3d at pp. 1051-1057.) As a result of this discrepancy, neither sodomy nor oral copulation could be sentenced under subdivision (c) until a legislative amendment brought the language of subdivision (c) into conformance with the definitions of the offenses. (Stats. 1985, ch. 401, § 1, pp. 1593-1594.)

them. (*People* v. *Waite* (1983) 146 Cal.App.3d 585, 590194 Cal.Rptr. 245].) Our conclusion that defendant's conviction under section 289, subdivision (j) was not subject to the longer penalties imposed by subdivision (c) is consistent with the achievement of this objective.

We urge the Legislature to take steps to express and/or clarify its intent to avoid problems in future prosecutions. We conclude, however, that the court had no discretion to utilize subdivision (c) to impose a full consecutive term of eight years on defendant's conviction of violating section 289, subdivision (j).

The judgment is affirmed. The cause is remanded for resentencing in accordance with this opinion.

King, J., and Haning, J., concurred.