[No. A087145. First Dist., Div. Five. Sept. 10, 1999.]

In re LAWRENCE RUDY KIRK on Habeas Corpus.

**COUNSEL**

Jonathan B. Steele for Petitioner.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Christina V. Kuo and Catherine A. Rivlin, Deputy Attorneys General, for Respondent.

**OPINION**

**JONES, P. J.**—Following a hearing, the trial court found there was probable cause to hold petitioner for trial as a potential sexually violent predator (SVP) under the Sexually Violent Predators Act (Welf. & Inst. Code, § 6600 et seq., the SVP Act).[1] In his petition for writ of habeas corpus, petitioner contends the trial court's probable cause finding was not based on competent evidence, insofar as the trial court relied on uncertified psychological evaluations as evidence of petitioner's mental disorder. For the reasons discussed below, we agree with petitioner's contentions, and will grant the petition and require the superior court to conduct a new probable cause hearing.

### FACTS

On January 26, 1989, petitioner Lawrence Rudy Kirk was sentenced to state prison for 29 years, as a result of his conviction for committing multiple illegal sexual acts. Petitioner appealed his conviction, and this division affirmed the judgment and remanded the matter for resentencing in *People* v. *Kirk* (1990) 217 Cal.App.3d 1488 [267 Cal.Rptr. 126]. Following remand and resentencing, this division affirmed the trial court's reduction of petitioner's sentence to 15 years in *People* v. *Kirk* (Apr. 4, 1991) A050544 (nonpub. opn.).

Petitioner was apparently released from custody, because on October 22, 1998, after petitioner violated his parole, he was incarcerated and given a new parole release date of March 21, 1999. Prior to petitioner's parole release date, petitioner was evaluated by John Hupka, Ph.D., and Jonathan E. French, Ph.D., for the purpose of determining whether petitioner met the criteria of an SVP under the SVP Act. Drs. Hupka and French prepared lengthy evaluations, in which each concluded that petitioner satisfied the SVP criteria.

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.

Subsequently, on March 18, 1999, the Sonoma County District Attorney filed a petition in superior court requesting that petitioner be committed pursuant to the SVP Act. On May 6, 1999, petitioner appeared in superior court for a probable cause hearing under the SVP Act. The People did not present any witnesses at the hearing. Instead, the People relied on the allegations of the petition and exhibits, which included the reports of Drs. Hupka and French.

At the probable cause hearing, petitioner objected to the trial court's consideration of the evaluations of Drs. Hupka and French. Petitioner argued that, as the People had not certified the evaluations pursuant to Evidence Code sections 1530 and 1531, the evaluations were unauthenticated and inadmissible.

The trial court considered Drs. Hupka's and French's evaluations, over petitioner's objection. The trial court found that there was probable cause to believe petitioner had been previously convicted of a sexually violent offense against two or more victims and had received a determinate sentence, and there was probable cause to believe petitioner has a diagnosed mental disorder making him a danger to the health and safety of others due to the likelihood of engaging in sexually violent criminal behavior.

Petitioner seeks a writ of habeas corpus, contending that the trial court improperly considered the evaluations of Dr. Hupka and Dr. French. We stayed the trial on the SVP petition pending our review of this petition, requested and received briefing from the parties, and ordered the superior court file (Cal. Rules of Court, rule 60). Ultimately, we issued an order to show cause why the relief requested in the petition should not be granted insofar as petitioner contends the superior court's order was erroneously made over petitioner's objection pursuant to Evidence Code sections 1530 and 1531.[2]

## DISCUSSION

### I. *Writ Review*

 Issues regarding the legality of a probable cause finding under the SVP Act are properly reviewed by way of a petition for writ of habeas corpus where, as here, petitioner is in custody. (*In re Parker* (1998) 60 Cal.App.4th 1453, 1460, fn. 8 [71 Cal.Rptr.2d 167].)

---

[2]Petitioner also raises other contentions in his writ petition, which we chose not to address in our order to show cause. (*People* v. *Bloyd* (1987) 43 Cal.3d 333, 362-363 [233 Cal.Rptr. 368, 729 P.2d 802] [issuance of order to show cause on a specific issue is an implicit determination that a prima facie case has not been made as to other issues in habeas corpus petition].)

## II. *The SVP Act*

Our Supreme Court has comprehensively summarized the SVP statutory scheme in *Hubbart* v. *Superior Court* (1999) 19 Cal.4th 1138, 1143-1149 [81 Cal.Rptr.2d 492, 969 P.2d 584]. As pertinent to this petition, *Hubbart* explains the procedures applicable to SVP proceedings.

"The requirements for classification as a 'sexually violent predator' (SVP) are set forth in section 6600, subdivision (a) and related provisions. [Fn. omitted.] First, . . . an SVP must suffer from 'a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior.' (*Id.,* subd. (a).) . . . [¶] Second, an SVP must have been 'convicted of a sexually violent offense against two or more victims.' (§ 6600, subd. (a).) [Fn. omitted.] . . . [¶] . . . [¶] The process for determining whether a convicted sex offender meets the foregoing requirements takes place in several stages, both administrative and judicial. Generally, the Department of Corrections screens inmates in its custody who are 'serving a determinate prison sentence or whose parole has been revoked' at least six months before their scheduled date of release from prison. (§ 6601, subd. (a).) [Fn. omitted.] This process involves review of the inmate's background and criminal record, and employs a 'structured screening instrument' developed in conjunction with the Department of Mental Health. (*Id.,* subd. (b).) If officials find the inmate is likely to be an SVP, he is referred to the Department of Mental Health for a 'full evaluation' as to whether he meets the criteria in section 6600. (§ 6601, subd. (b).) [¶] The evaluation performed by the Department of Mental Health must be conducted by at least two practicing psychiatrists or psychologists in accordance with a standardized assessment protocol. (§ 6601, subds. (c) & (d).) 'The standardized assessment protocol shall require assessment of diagnosable mental disorders, as well as various factors known to be associated with the risk of reoffense among sex offenders. Risk factors to be considered shall include criminal and psychosexual history, type, degree, and duration of sexual deviance, and severity of mental disorder.' (*Id.,* subd. (c).) [¶] Two evaluators must agree that the inmate is mentally disordered and dangerous within the meaning of section 6600 in order for proceedings to go forward under the Act. (§ 6601, subd. (d).) In such cases, the Department of Mental Health transmits a request for a petition for commitment to the county in which the alleged SVP was last convicted, providing copies of the psychiatric evaluations and any other supporting documentation. (*Id.,* subds. (d), (h) & (i).) [Fn. omitted.] 'If the county's designated counsel concurs with the recommendation, a petition for commitment shall be filed in the superior court . . . .' (*Id.,* subd. (i).) [¶] The filing of the petition triggers a new round of proceedings under the Act. The

superior court first holds a hearing to determine whether there is 'probable cause' to believe that the person named in the petition is likely to engage in sexually violent predatory criminal behavior upon release. (§ 6602, as amended by Stats. 1996, ch. 4, § 4, and by Stats. 1998, ch. 19, § 3.) [Fn. omitted.] The alleged predator is entitled to the assistance of counsel at this hearing. If no probable cause is found, the petition is dismissed. However, if the court finds probable cause within the meaning of this section, the court orders a trial to determine whether the person is an SVP under section 6600. The alleged predator must remain in a 'secure facility' between the time probable cause is found and the time trial is complete. (§ 6602.) [Fn. omitted.]" (*Hubbart* v. *Superior Court, supra,* 19 Cal.4th at pp. 1144-1147.)

III. *The Applicability of Certification Requirements to Probable Cause Hearings Under the SVP Act*

 This petition raises an issue of first impression regarding SVP probable cause hearings: To support a probable cause finding under the SVP Act, may the trial court rely on written psychological evaluations that are not certified as proof that the potential SVP suffers from the requisite mental disorder? For the reasons discussed below, we conclude this question should be answered in the negative.

Petitioner contends the probable cause finding made in this case was based on incompetent evidence, since the psychological evaluations were not certified pursuant to Evidence Code sections 1530 and 1531. Evidence Code section 1530 provides, in relevant part: "(a) A purported copy of a writing in the custody of a public entity, or of an entry in such a writing, is prima facie evidence of the existence and content of such writing or entry if: [¶] (1) The copy purports to be published by the authority of the nation or state, or public entity therein in which the writing is kept; [¶] (2) The office in which the writing is kept is within the United States . . . and the copy is attested or certified as a correct copy of the writing or entry by a public employee, or a deputy of a public employee, having the legal custody of the writing; . . ."

Evidence Code section 1531 states: "For the purpose of evidence, whenever a copy of a writing is attested or certified, the attestation or certificate must state in substance that the copy is a correct copy of the original, or of a specified part thereof, as the case may be."

While section 6600, subdivision (a),[3] expands the class of documents that may be admissible to prove a potential SVP's prior convictions, the SVP Act

---

[3]Section 6600, subdivision (a) states, in relevant part: "The existence of any prior convictions may be shown with documentary evidence. The details underlying the commission of an

is silent as to whether such documents, or documents used to prove the potential SVP's mental disorder, must be certified pursuant to Evidence Code sections 1530 and 1531. Therefore, we are obliged to discern the applicability of the certification requirements to SVP probable cause hearings, notwithstanding the absence of their express inclusion in the SVP Act.

A. *General Applicability of the Evidence Code and Absence of Legislative Exemption From the Certification Rules in SVP Probable Cause Hearings*

Preliminarily, we note that Evidence Code section 300 makes clear that the Evidence Code applies in all actions, "[e]xcept as otherwise provided by statute." In articulating the requirements for SVP probable cause hearings, the Legislature did not create an exception to the certification requirements of Evidence Code sections 1530 and 1531.[4] (See, e.g., §§ 6600, subd. (a), 6602, subd. (a).)

Moreover, there is ample evidence that the Legislature is certainly aware it possesses the ability to limit the application of the rules of evidence in particular proceedings. Insofar as comparisons have been drawn between SVP probable cause hearings and criminal preliminary hearings (see *In re Parker, supra,* 60 Cal.App.4th at pp. 1462 & fn. 10, 1467-1469), it is important to note that prior to the repeal of the best evidence rule and the enactment of the secondary evidence rule, the Legislature exempted enforcement of the best evidence rule during preliminary hearings. (Former Pen. Code, § 872.5.) Following the promulgation of the secondary evidence rule, the Legislature specified that, "[n]otwithstanding Article 1 (commencing with Section 1520) of Chapter 2 of Division 11 of the Evidence Code, in a preliminary examination the content of a writing may be proved by an otherwise admissible original or otherwise admissible secondary evidence." (Pen. Code, § 872.5.)

The Legislature's express exemption of compliance with the rules of evidence in proceedings under the Lanterman-Petris-Short Act (§ 5256.4, subd. (b)) is also instructive, inasmuch as parallels exist between SVP probable cause hearings and probable cause hearings regarding commitments

---

offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health."

[4]The People argue that the certification requirements of the Evidence Code do not apply to SVP probable cause hearings, because the SVP statutory scheme does not require certification. This contention is without merit, as it would render Evidence Code section 300 a nullity. We will not imply an exception where the Legislature failed to create one.

under the Lanterman-Petris-Short Act. (§ 5000 et seq.; see also *In re Parker, supra,* 60 Cal.App.4th at pp. 1467-1469.) In short, the Legislature has demonstrated its ability to articulate exemptions from the evidentiary rules. Significantly, it failed to do so with respect to certification issues involved in SVP proceedings.

In light of the mandate of Evidence Code section 300, and the absence of an evidentiary exclusion in the SVP Act, we are constrained to conclude that the certification requirements of Evidence Code sections 1530 and 1531 apply to SVP probable cause hearings.

## B. *Purposes and Policies of Certification*

Our conclusion above is buttressed by reference to the purposes for, and policies underlying, certification. Compliance with the certification requirements of Evidence Code sections 1530 and 1531 ensures that a writing may be relied on as "prima facie evidence of the existence and content of such writing . . . ." (Evid. Code, § 1530, subd. (a).) The Law Revision Commission Report regarding Evidence Code section 1530 explains that the statute addresses three evidentiary issues: "*First,* it is concerned with the problem of proving the content of an original writing by means of a copy, *i.e.,* the best evidence rule. See EVIDENCE CODE § 1500. *Second,* it is concerned with authentication, for the copy must be authenticated as a copy of the original writing. EVIDENCE CODE § 1401. *Finally,* it is concerned with the hearsay rule, for a certification or attestation of authenticity is 'a statement that was made other than by a witness while testifying at the hearing and that is offered to prove the truth of the matter stated.' EVIDENCE CODE § 1200." (7 Cal. Law Revision Com. com. (Dec. 1965) p. 283, italics in original.)

As we explain below, the evidentiary concerns behind the certification rules apply to the case at hand. Additionally, we will discuss how certification protects a potential SVP's rights to confrontation and cross-examination.

### 1. *Best Evidence/Secondary Evidence Concerns*

As regards the embodiment of best evidence rule concerns in Evidence Code section 1530, it must be noted that in 1998, the Legislature repealed the "Best Evidence Rule" and enacted the "Secondary Evidence Rule" (Evid. Code, §§ 1520-1523.) Since this SVP proceeding was commenced after January 1, 1999, the secondary evidence rule applies to this action. (Stats. 1998, ch. 100, § 9.)

The secondary evidence rule allows the content of a writing to be proved by either: 1) an otherwise admissible original, or 2) by otherwise admissible

secondary evidence, unless the court determines the secondary evidence should be excluded because either a genuine dispute exists about the material terms of the writing and justice requires the exclusion, or admission of the secondary evidence would be unfair.[5] (Evid. Code, §§ 1520, 1521, subd. (a)(1) & (2).) The secondary evidence rule, however, does not "excuse[] compliance with Section 1401 (authentication)." (Evid. Code, § 1521, subd. (c).)

Although the secondary evidence rule may change its predecessor rule in some respects (see 26 Cal. Law Revision Com. Rep. (Nov. 1996) pp. 376-377), the Legislature's express retention of the authentication requirements in Evidence Code section 1521, subdivision (c) and its failure to amend the certification rules of Evidence Code sections 1530 and 1531 point to the conclusion that the certification rules have not been undercut by the enactment of the secondary evidence rule. Accordingly, compliance with the certification requirements in an SVP probable cause hearing serves to implement the secondary evidence rule.

### 2. Authentication Concerns

The Legislature has specified that authentication of secondary evidence (Evid. Code, § 1521, subd. (c)), may be achieved by certification (Evid. Code, §§ 1530, 1531). While conceding that certification did not occur in this case, the People argue that the district attorney's declaration accompanying the SVP petition sufficiently authenticates the psychological evaluations. However, even assuming, arguendo, the declaration would constitute

---

[5]From our review of the trial court's files in this matter, of which we take judicial notice (Evid. Code, §§ 452, subd. (d), 459, subd. (a)), it does not appear the trial court had before it the original psychological evaluations. The People's opposition to this petition suggests that because the SVP statute contemplates that the psychologists or psychiatrists must provide the reports to both the Department of Mental Health and to the county attorney (§ 6601, subd. (d)), each report is a separate original or duplicate reproduced by mechanical means, taking them out of the ambit of the secondary evidence rule, citing Evidence Code sections 260 and 1522. However, Evidence Code section 1522 only applies to criminal actions, by its very terms, and SVP proceedings are civil in nature. (*In re Parker, supra,* 60 Cal.App.4th at p. 1461.) Also, the People argue that petitioner does not establish the evaluations should have been excluded under the secondary evidence rule, i.e., that a genuine dispute exists about the writing or admission of the evidence was unfair. (Evid. Code, § 1521, subd. (a)(1) & (2).) The People appear to lose sight of the fact that this petition does not raise a secondary evidence rule problem. Moreover, the People seem to maintain that Evidence Code sections 1530 and 1531 only represent exceptions to the best evidence rule/secondary evidence rule. However, as discussed previously, the certification requirements were designed to address three evidentiary issues: the best evidence rule, authentication, and hearsay. Even if the secondary evidence rule were otherwise satisfied in this case, the other evidentiary concerns underlying the certification rules would still remain.

competent evidence at a probable cause hearing,[6] our review of the district attorney's declaration has failed to unearth language authenticating the psychological evaluations in this case.

Even if we were to construe the district attorney's declaration as authenticating the evaluations, the People fail to explain how this would avoid the specific certification requirements of Evidence Code sections 1530 and 1531, which are concerned with evidentiary issues beyond authentication (i.e., the secondary evidence and hearsay rules).

### 3. *Hearsay Concerns*

SVP probable cause hearings give rise to particular hearsay, and hearsay-related, concerns. Insofar as hearsay may be admissible at SVP probable cause hearings (*In re Parker, supra,* 60 Cal.App.4th at pp. 1467, 1469-1470; see *People* v. *Superior Court (Howard)* (1999) 70 Cal.App.4th 136, 151-155 [71 Cal.App.4th 134b, 82 Cal.Rptr.2d 481]),[7] certification of documents helps ensure that the hearsay is sufficiently trustworthy to form the basis for a probable cause finding.

In the instant case, the trial court had before it copies of the evaluations of Drs. Hupka and French, which contained hearsay. The simple step of certification would have made the hearsay in the evaluations sufficiently trustworthy to allow the trial court to rely on them. Trustworthiness of SVP psychological evaluations is a particularly serious concern in light of the rights to confrontation and cross-examination attendant to an SVP probable cause hearing, as elaborated below.

### 4. *Protection of Rights to Confrontation and Cross-examination*

In addition to the three evidentiary concerns addressed by Evidence Code section 1530, certification operates to protect the rights to confrontation and

---

[6]While we need not decide the issue, use of the district attorney's affidavit may not be permitted by Code of Civil Procedure section 2009, which allows for limited use of affidavits. Moreover, as petitioner points out, "[i]f allowed to proceed by way of a district attorney's affidavit, the [probable cause] hearing would be reduced to the mere facial review found to be so repugnant in [*In re] Parker*[, *supra,* 60 Cal.App.4th at pp. 1460-1470]." Petitioner is referring to the holding of *In re Parker* that due process requires a potential SVP be afforded the opportunity at a probable cause hearing to be fully heard, to cross-examine the state's expert witnesses, and to call his own witnesses. (*In re Parker, supra,* 60 Cal.App.4th at pp. 1466, 1469-1470.)

[7]Petitioner appears to challenge the proposition that hearsay may be admitted to prove that the potential SVP suffers from a requisite mental disorder. However, because the petition does not squarely raise this issue for decision, and petitioner failed to preserve the issue for appellate review by objecting on hearsay grounds below, we need not resolve this issue.

cross-examination possessed by individuals facing a deprivation of liberty in a civil commitment proceeding. (See *In re Parker, supra,* 60 Cal.App.4th at pp. 1466-1470; *Conservatorship of Roulet* (1979) 23 Cal.3d 219, 223 [152 Cal.Rptr. 425, 590 P.2d 1]; *People* v. *Thomas* (1977) 19 Cal.3d 630, 641, 644 [139 Cal.Rptr. 594, 566 P.2d 228]; *People* v. *Angeletakis* (1992) 5 Cal.App.4th 963, 970 [7 Cal.Rptr.2d 377].)

In arguing that petitioner's rights to confrontation and cross-examination were not violated in this case, the People fault petitioner for not availing himself of the opportunity to call the SVP evaluators as witnesses. ██ However, it is the People, and not the potential SVP, who bear the burden of proof at a probable cause hearing. (See *People* v. *Superior Court (Howard), supra,* 70 Cal.App.4th at p. 150.) ██ Notwithstanding petitioner's failure to request the presence of Drs. Hupka and French at the probable cause hearing, in the absence of the People's production of the doctors at the hearing, certification of their psychological evaluations was a prerequisite to the probable cause finding made in this case.

### IV. *Other Contentions Advanced by the People*

We do not find merit to the People's remaining arguments attempting to avoid the certification requirements.

The People argue that the psychological evaluations were properly admitted as evidence of what the psychologists would testify to at trial. However, nothing in the SVP statute supports the People's suggested departure from the generally applicable evidentiary rules.

The People also assert that since section 6601, subdivision (d),[8] provides that copies of the evaluation reports shall be made available to the attorney designated by the county who may file an SVP petition, the statute contemplates that uncertified copies of the evaluations will be used in the eventual SVP *petition.* While this may be true, the People's argument fails to address whether certification of the documents is required for purposes of a probable cause hearing.

We therefore conclude that Evidence Code sections 1530 and 1531 apply to SVP probable cause hearings, and that the trial court erred in relying on

---

[8]Section 6601, subdivision (d), provides, in relevant part: "If both evaluators concur that the person has a diagnosed mental disorder so that he or she is likely to engage in acts of sexual violence without appropriate treatment and custody, the Director of Mental Health shall forward a request for a petition for commitment under Section 6602 to the county designated in subdivision (i). Copies of the evaluation reports and any other supporting documents shall be made available to the attorney designated by the county pursuant to subdivision (i) who may file a petition for commitment."

noncertified psychological evaluations of petitioner's purported mental disorder.[9]

### DISPOSITION

We have determined that petitioner is entitled to relief, and that a writ of habeas corpus should be issued in accordance with the views expressed in this opinion.

 "Inherent in the power to issue the writ of habeas corpus is the power to fashion a remedy . . ." consistent with what " 'the justice of the case may require.' " (*In re Crow* (1971) 4 Cal.3d 613, 619-620 & fn. 7 [94 Cal.Rptr. 254, 483 P.2d 1206].) Petitioner requests dismissal of all SVP proceedings against him and an order releasing him from custody. However, in light of the purposes of the SVP Act (Stats. 1995, ch. 763, § 1), the appropriate remedy in this case is not release from custody, but instruction to the trial court to vacate its probable cause finding and to promptly conduct a new probable cause hearing. (See *In re Parker, supra,* 60 Cal.App.4th at p. 1470 [granting habeas corpus petition to the extent petitioner was found entitled to a new probable cause hearing].)

In all other respects, the petition for writ of habeas corpus is denied.

The order to show cause is discharged, and the stay previously issued in this matter will be dissolved upon the finality of this opinion as to this court.

Haning, J., and Stevens, J., concurred.

A petition for a rehearing was denied September 28, 1999, and the petitions of both petitioner and respondent for review by the Supreme Court were denied November 17, 1999.

---

[9]We note that the Third District reached a similar conclusion about the applicability of the certification requirements of Evidence Code sections 1530 and 1531 to SVP proceedings. (*People* v. *Torres* (1999) 71 Cal.App.4th 704 [84 Cal.Rptr.2d 96] review ·granted Aug. 11, 1999 (S079575).) The Supreme Court recently granted review of *Torres,* wherein the Court of Appeal reversed a commitment order under the SVP Act based on the trial court's error in admitting noncertified documents to prove defendant's prior out-of-state convictions.