[No. B133053. Second Dist., Div. Four. Nov. 30, 1999.]

GIL GARCETTI, as District Attorney, etc., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
LEONARD PIERRE, Real Party in Interest.

## COUNSEL

Gil Garcetti, District Attorney, in pro. per., Brentford J. Ferreira and Fred Klink, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

Michael P. Judge, Public Defender, Albert J. Menaster, Clarisse Anderson-Hamblin and Jack T. Weedin, Deputy Public Defenders, for Real Party in Interest.

## OPINION

**EPSTEIN, Acting P. J.**—We are asked to decide narrow but significant points of statutory construction concerning the Sexually Violent Predators Act (the Act) (Welf. & Inst. Code, § 6600 et seq.; all further statutory citations are to this code unless otherwise indicated). The principal questions are: (1) whether conviction of a sexually violent offense may be counted as a predicate conviction under the Act if the defendant was sentenced to an

indeterminate term for that crime; and (2), if so, whether this is true even though a petition for commitment under the Act is filed before the 1996 amendment to the statute. We conclude that the answer to both questions is "yes," and shall issue a writ directing the respondent court to vacate its ruling to the contrary.

## THE STATUTE UNDER REVIEW

The Act was enacted in 1995, and became effective on January 1 of the following year. Its purposes and general outline have been fully discussed in a number of decisions, and there is no need to add to those able expositions. (See *Hubbart* v. *Superior Court* (1999) 19 Cal.4th 1138, 1143 [81 Cal.Rptr.2d 492, 969 P.2d 584]; *People* v. *Cheek* (Cal.App.); *In re Kirk* (1999) 74 Cal.App.4th 1066, 1070 [88 Cal.Rptr.2d 648]; *People* v. *Hunt* (1999) 74 Cal.App.4th 939, 943 [88 Cal.Rptr.2d 524]; *People* v. *Chambless* (1999) 74 Cal.App.4th 773, 776 [88 Cal.Rptr.2d 444]; *People* v. *Hedge* (1999) 72 Cal.App.4th 1466, 1469 [86 Cal.Rptr.2d 52]; *People* v. *West* (1999) 70 Cal.App.4th 248, 260 [82 Cal.Rptr.2d 549].)

The *Hubbart* case upheld the constitutionality of the California statute, which is similar to a Kansas law upheld by the United States Supreme Court in *Kansas* v. *Hendricks* (1997) 521 U.S. 346 [117 S.Ct. 2072, 138 L.Ed.2d 501]. We shall shortly concentrate on the first subdivision of the initial section of the statute. Before doing so, we present the following bare outline of the law.

The statute is aimed at protecting society from, and providing treatment for, that "small but extremely dangerous group of sexually violent predators" who have diagnosable mental disorders identified while they are incarcerated for designated violent sex crimes, and who are determined to be unsafe and, if released, to represent a danger to others through acts of sexual violence. (Stats. 1995, ch. 763, § 1.) Such persons may be committed to a state mental institution for a period after their term of imprisonment. To be eligible for such commitment, there must be determinations under the auspices of the Departments of Corrections and Mental Health, and a petition filed by the prosecutor. The defendant must have suffered convictions for defined sex crimes against at least two different persons, and can be committed only after a probable cause hearing and trial. (§§ 6600, subd. (a), 6602, 6603.)

"Sexually violent predator" is a defined statutory term. In the original statute, it was defined as "a person who has been convicted of a sexually violent offense against two or more victims for which he or she *received a*

*determinate sentence* and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a), italics added.)

This statute was amended by urgency legislation, effective September 13, 1996. The second and third paragraphs to section 6600, subdivision (a) were among the changes made by this amendment.

"*For purposes of this subdivision*, a prior finding of not guilty by reason of insanity for an offense described in subdivision (b), *a conviction prior to July 1, 1977*, for an offense described in subdivision (b), a conviction resulting in a finding that the person was a mentally disordered sex offender, or a conviction in another state for an offense that includes all the elements of an offense described in subdivision (b), shall also be *deemed to be a sexually violent offense even if the offender did not receive a determinate sentence for that prior offense.*

"Conviction of one or more of the crimes enumerated in this section shall constitute evidence that may support a court or jury determination that a person is a sexually violent predator, but shall not be the sole basis for the determination. The existence of any prior convictions may be shown with documentary evidence. The details underlying the commission of an offense that led to a prior conviction, including a predatory relationship with the victim, may be shown by documentary evidence, including, but not limited to, preliminary hearing transcripts, trial transcripts, probation and sentencing reports, and evaluations by the State Department of Mental Health. Jurors shall be admonished that they may not find a person a sexually violent predator based on prior offenses absent relevant evidence of a currently diagnosed mental disorder that makes the person a danger to the health and safety of others in that it is likely that he or she will engage in sexually violent criminal behavior." (§ 6600, subd. (a), italics added.)

## FACTUAL AND PROCEDURAL SUMMARY

We take our summary of the facts from the moving and opposing papers in this writ proceeding, and from the documents filed in court whose factual recitals are essentially uncontested.

Leonard Pierre, the real party in interest, was convicted of forcible rape in April 1972. This crime, a violation of Penal Code section 261.5, a predecessor statute to Penal Code section 261, subdivision (a)(2), is a "sexually violent offense" within the definition of the Act. (§ 6600, subd. (b).) In

1972, felony punishment was pronounced under the Indeterminate Sentence Law, first enacted in 1917 (see *People* v. *West, supra*, 70 Cal.App.4th at p. 256), and Pierre was sentenced accordingly. He was not sentenced to a determinate term. He was convicted of several crimes against another victim in 1982, including the sexually violent offense of rape, for which he was sentenced to a determinate term pursuant to the determinate sentencing law then in effect. (*Id.* at p. 257.)

There is no dispute about the 1982 conviction: it counts as a conviction of a sexually violent offense under the Act. The issue in this case concerns the 1972 conviction, which would supply the requisite conviction against a separate victim. The punishment for that crime, as we have seen, was under the indeterminate sentencing law and was not a determinate term, as the first paragraph of section 6600, subdivision (a) appears to require.

Pierre was released on parole from the 1972 sentence in 1976, and discharged from parole in 1978. As his parole date for the 1982 convictions approached, the requisite determinations were made by the Department of Corrections, by psychotherapists appointed by the Director of the Department of Mental Health, and by that director, all to the effect that defendant was a sexually violent predator and in danger of committing further sexually violent crimes if released. The District Attorney of Los Angeles County filed a petition under the Act on June 4, 1996, asking that the court institute proceedings leading to a probable cause hearing and trial on whether Pierre is a sexually violent predator under the Act.

The record before us reflects no action for nearly three years, until April 8, 1999, when the Public Defender of Los Angeles County, as Pierre's counsel, filed a motion to dismiss the district attorney's petition. The matter was fully briefed and argued to the court, which ultimately granted the motion to dismiss. From the transcript of the hearing at which this ruling was made, it appears that the court based its ruling largely on a conclusion that the petition could only be granted if the 1996 amendment to the Act applied to the case, and that such application would violate the rule against retroactive application of a statute. The trial court stayed its order to allow the district attorney time to seek writ review.

The district attorney promptly sought our writ intervention. We issued a stay order and called for opposition. Pierre's counsel filed opposition, following which we issued an order to show cause. The matter now has been fully briefed to this court. For the reasons that follow, we have concluded that the district attorney is entitled to the relief he seeks.

## Discussion

The original statute, effective January 1, 1996, made it a requisite to a commitment under the Act that the defendant have been convicted of sexually violent offenses against at least two persons, for which he or she received a determinate sentence. The statute was amended later that year to add the second and third paragraphs, which we have set out in full. Application of the Act to Pierre depends on the determination of two issues: whether the 1996 amendment extended the statute to persons whose sentence was to an indeterminate term and, if so, whether the amendment may be applied to him.

### A

We agree with Pierre that the 1996 amendment cannot be characterized as nonsubstantive. Whatever the Legislature may have actually intended when the original statute was enacted the year before, what it accomplished was a law that depended in its application upon determinate sentencing. If the 1996 amendment made the law applicable to indeterminate terms, it was a change in substance, not of clarification. (See *People* v. *West, supra,* 70 Cal.App.4th at p. 261.)

If the Legislature simply had deleted the reference to a "determinate sentence" in the first paragraph, which defines a "sexually violent predator," (§ 6600, subd. (a)) or substituted a generic phrase, there would be no question about the meaning of the law. The legislative history indicates that something of the sort was considered in the legislative vehicle by which the statute was amended. But in the end, besides making a number of changes in the statute not directly related to the issue before us in this case, the Legislature added the second and third paragraphs. Under a literal reading of the second paragraph, the change only affects the definition of "sexually violent offense."

This leaves us with an ambiguity, and we resolve it using a standard approach to statutory construction: attempting to determine the intent of the Legislature by what it actually said, and from what legislative history is available. (See *People* v. *Pieters* (1991) 52 Cal.3d 894, 898 [276 Cal.Rptr. 918, 802 P.2d 420].) Doing that, we conclude that the amended statute includes convictions, which otherwise qualify, for which an indeterminate term was imposed.

We reach that result for the following reasons:

First, the second paragraph specifically applies *"for purposes of this subdivision,"* i.e., subdivision (a) of section 6600, which defines "sexually

violent predator." (Italics added.) That language indicates that the substantive provisions of the paragraph affect the first paragraph, and are not confined to the later definition of the term "sexually violent offense," which is in subdivision (b).

Second, the new paragraph expressly applies to convictions suffered prior to July 1, 1977. That is the operative date of the determinate sentencing law; prior to then, the indeterminate sentencing law was in effect. It is difficult to read this provision as having any other import than its plain meaning: that the amended statute applies to qualifying crimes for which an indeterminate sentence had been imposed.

Third, and perhaps most important, this application is fully congruent with the stated purpose of the Act. A contrary reading—that the Act does not apply to a person whose requisite conviction occurred under the indeterminate sentencing law—would leave those persons to prey on society and to be at large without treatment. That is exactly the opposite of the Legislature's declared objective.

Fourth, the express provision that a qualifying crime shall be deemed a sexually violent offense "even if the offender did not receive a determinate sentence for that prior offense" (§ 6600, subd. (a)) is given effect if an indeterminate term may qualify, and is defeated if it does not. Pierre argues this passage is a reference to the third paragraph of subdivision (a), also added by the 1996 amendment, which addresses the use of prior convictions as evidence the trier of fact may consider in the trial of whether the person is a sexually violent predator. The problem with that approach is that such evidence would be admissible by force of the third paragraph even if the "even if" clause in the second paragraph did not exist. ▮ That construction would render that clause surplusage, a result that should be avoided in statutory construction. (*Briggs* v. *Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1118 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

▮ Fifth, and finally, the legislative history of the amendment indicates that it was intended to apply to indeterminate terms. A staff committee report prepared for the July 9, 1996, hearing of the Senate Committee on Criminal Procedure, which adopted the bill in its present form with respect to the language we are reviewing, explained that the bill " 'would increase the definition of a "sexually violent predator" to include persons . . . who were convicted under indeterminate sentencing law, . . .' " (*People* v. *West, supra*, 70 Cal.App.4th at p. 261; and see *People* v. *Patterson* (1999) 72 Cal.App.4th 438, 442 [84 Cal.Rptr.2d 870] [bill analysis by legislative staff may be considered in construing resulting statute].)

This still leaves the fact that the "determinate sentence" language remains in the first paragraph. We are reluctant to ascribe that circumstance to drafting error (see *People* v. *Garcia* (1999) 21 Cal.4th 1, 13 [21 Cal.4th 511a, 87 Cal.Rptr.2d 114, 980 P.2d 829]), and we need not do so. We are required, however, to reconcile the language in the law and to reach a reasoned conclusion with respect to legislative intent. We conclude that the indicia are overwhelming that the Legislature intended the amended Act to apply to convictions for which an indeterminate term was imposed, so long as the conviction otherwise qualifies as a "sexually violent offense." Persons who commit such crimes against two or more victims are "sexually violent predators" whether they were sentenced under the indeterminate sentencing law or the determinate sentencing law, or both.

B

One of the principles of statutory construction is that, generally, statutes operate only prospectively, while judicial decisions operate retroactively. (*Evangelatos* v. *Superior Court* (1988) 44 Cal.3d 1188, 1207 [246 Cal.Rptr. 629, 753 P.2d 585].) In fact, according to then Justice Rehnquist, the rule is so fundamental that it is " 'familiar to every law student.' " (*United States* v. *Security Industrial Bank* (1982) 459 U.S. 70, 79 [103 S.Ct. 407, 413, 74 L.Ed.2d 235], quoted in *Evangelatos, supra,* 44 Cal.3d at p. 1207, italics omitted.) But, like most rules, this one is subject to exception. A statute may be given retroactive effect (unless doing so would be unconstitutional) if the Legislature has made it clear that it intends the statute to have that effect. (See *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 393 [182 P.2d 159], also quoted in *Evangelatos, supra,* 44 Cal.3d at p. 1207.)

Pierre argues that application of the 1996 amendment to his case would amount to a retroactive application of the statute, a result that is presumptively contrary to legislative intent.

While it is a rebuttable presumption that the Legislature does not intend its enactments to have a retroactive effect, that leaves the threshold question of when a statute has that effect. " 'A retrospective law is one which affects rights, obligations, acts, transactions and conditions which are performed or exist prior to the adoption of the statute.' " (*Aetna Cas. & Surety Co.* v. *Ind. Acc. Com., supra,* 30 Cal.2d at p. 391.) Since Pierre had an expectancy of being released on parole under the law in effect when the Act was enacted, application of the statute to his case is, in some sense, "retroactive." Yet it is undisputed that the Legislature intended the statute to utilize sexually

violent offenses that which resulted in conviction, even though committed before enactment of the Act. That circumstance was the basis for consideration of the ex post facto principle with respect to such laws, by the United States Supreme Court and by our Supreme Court. (Both tribunals found no ex post facto violation: *Kansas* v. *Hendricks, supra*, 521 U.S. at p. 362 [117 S.Ct. at p. 2082]; *Hubbart* v. *Superior Court, supra*, 19 Cal.4th at p. 1170.)

In *People* v. *West*, the court discussed but did not decide this issue. It observed that even if the 1996 amendment expanded the definition of "sexually violent predator," the change would not aid the People in that case, because the amendment did not become law until *after the trial* had taken place. "Appellant's trial took place when the original section 6600 . . . was still in effect." (70 Cal.App.4th at pp. 261, 262.)

In our case, the district attorney's petition for commitment under the Act was filed on June 4, 1996, a date before the 1996 amendment became effective (on September 13, 1996). But nothing else has happened to the petition except its dismissal. The statutory probable cause hearing was not held before the amendment became effective, nor was the trial. Indeed, neither has been held at all. That distinguishes our case from *West*. We do not believe the date the petition is filed is the significant point with respect to retroactivity. That point is not reached until trial and adjudication under the Act.

Finally, even if we were to conclude that the statute operates retroactively to Pierre because the petition for commitment was filed before the amendment was effective, we would conclude that the Legislature intended it to have such application. This is shown by the express provision in the amendment that it apply to convictions suffered before July 1, 1977 (that is, under the indeterminate sentencing law), by the stated purpose of the statute, and by the fact that the amendment was enacted as an urgency measure to take effect immediately "[i]n order to provide immediate protection to the public from persons who may be sexually violent predators and may be subject to commitment in the near future, . . ." (Stats. 1996, ch. 462, § 12.)

For these reasons, we conclude that the 1996 amendment to the Act applies to the 1972 conviction and sentence suffered by Pierre.

### DISPOSITION

The respondent court is directed to vacate its decision and order granting the motion of real party in interest to dismiss the petition for commitment

filed by the district attorney, and to enter a new and different order denying that motion, and to proceed with the petition according to law.

Hastings, J., and Curry, J., concurred.